UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEEKYANTS INDIA PRIVATE LIMITED,<br><br>                              Plaintiff,<br><br>                -against-<br><br>I.AM.PLUS LLC and R CHANDRASEKAR,<br><br>                              Defendants. | 24-cv-1274 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

    This breach-of-contract case was filed on February 20, 2024. After defendants failed to appear, plaintiff moved for default judgment. Dkt. 12. The Court denied the motion without prejudice, explaining that plaintiff had to get a Clerk's Certificate of Default before moving for a default judgment. Dkt. 13. That was on June 6, 2024. For months afterward, the case languished on the Court's docket. On February 7, 2025, the Court ordered plaintiff to file a letter informing the Court about the status of this case and proposed next steps. Dkt. 14. Plaintiff filed a letter indicating that it intended to seek a Clerk's Certificate of Default and asking for two weeks to complete that action. Dkt. 15. The Court granted this request on February 18, 2025. Dkt. 16. Plaintiff then filed a proposed Clerk's Certificate of Default on February 24, 2025, which was rejected by the Clerk's Office on February 25, 2025. Plaintiff did not correct the deficiencies identified by the Clerk's office. On March 5, 2025, the Court informed plaintiff that it had until March 12, 2025, to obtain a valid Clerk's Certificate of Default, or else the case might be dismissed for lack of prosecution. Dkt. 18. Plaintiff then filed another proposed certificate, which was again rejected. Plaintiff requested that the Court "instruct the Court Clerk to issue the certificate"; in response, the Court explained that plaintiff should file an affidavit of service of the amended complaint on the docket so that the Clerk of Court could issue the certificate. Dkt. 26. Plaintiff didn't do so. On March 24, 2025, the Court again extended the time for plaintiff to obtain a Clerk's Certificate of Default until April 7, 2025, but it cautioned plaintiff that it was the final extension, and that if plaintiff failed to comply, the Court would dismiss the case for failure to prosecute. Dkt. 27. Nearly a month past this deadline, plaintiff has failed to obtain a certificate or otherwise communicate with the Court.

If plaintiff has no intention of proceeding with this case, it should file a notice of voluntary dismissal. If plaintiff would like to proceed with this case, it is hereby ORDERED to appear for a conference with the Court at 500 Pearl Street, Courtroom 15A, on **Thursday, May 8, 2025, at 5:00 PM**. Plaintiff should be prepared to address (1) why this case should not be dismissed under Federal Rule of Civil Procedure 41(b) for want of prosecution, and, if the case is not dismissed, (2) why venue is proper in this district.

SO ORDERED.

Dated: May 2, 2025
       New York, New York

ARUN SUBRAMANIAN
United States District Judge